**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT OWENSBORO**

**ALEX RYAN PAYNE** **PLAINTIFF**

**v.** **CIVIL ACTION NO. 4:26CV-P423-JHM**

**JOHN MICHAEL VAN METER *et al.*** **DEFENDANTS**

# MEMORANDUM OPINION

Plaintiff Alex Ryan Payne filed the instant *pro se* prisoner action. This matter is before the Court upon an initial review of the complaint pursuant to 28 U.S.C. § 1915A. Upon review, the Court will dismiss Plaintiff's claims for the reasons stated herein.

## I. SUMMARY OF FACTUAL ALLEGATIONS

Plaintiff sues John Michael Van Meter, the Daviess County Commonwealth's Attorney, and Stephanie L. McKeehan, an Assistant Attorney General employed by the Kentucky Attorney General's Office. He sues Defendants in their individual and official capacities.

Plaintiff states that he was convicted in Daviess County Criminal Case No. 19-CR-834, in which Van Meter acted as the prosecutor. He reports that on November 12, 2024, he filed an "independent action pursuant to CR 60.03 in the Franklin Circuit Court, 2024-CI-1148, seeking equitable relief of a fraudulently begotten judgement in his criminal case in Daviess County, 19-CR-0834." He states that he alleged perjury and falsified evidence in that action. He asserts that on December 11, 2024, McKeehan responded to the complaint by filing a motion to dismiss for improper venue on behalf of the Commonwealth. Payne states that he requested to transfer the case if the Court found venue to be improper. He maintains that the case was transferred to Daviess County in March 2025. He states that McKeehan did not file an answer or deny his requests for admissions and that he therefore moved for summary judgment. After the case was transferred to

Daviess County, Van Meter represented the Commonwealth. The action was dismissed. Plaintiff maintains that Van Meter tendered a dismissal order which "inserted a new ground that was not pled by him and in contridiction to his pleadings." He reports that he appealed the matter to the Kentucky Court of Appeals. Plaintiff alleges that Van Meter and McKeehan violated his rights under the Fourteenth Amendment's Due Process and Equal Protection Clauses "with the knowledge that Payne's criminal trial contained perjury and/or falsified evidence."

As relief, Plaintiff seeks compensatory and punitive damages and "reporting of illegal and/or unethical misconduct."

## II. STANDARD

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*,

58 F.3d 1101, 1109 (6th Cir. 1995)). Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

## III. ANAYLSIS

Section 1983 creates a cause of action against any person who, under color of state law, causes the deprivation of a right secured by the Constitution or the laws of the United States. A claim under § 1983 must therefore allege two elements: (1) the deprivation of federal statutory or constitutional rights by (2) a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Absent either element, no § 1983 claim exists. *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

### *a. Official-capacity claims*

"Official-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). Van Meter, in his role as a prosecutor on behalf of the Commonwealth of Kentucky, and McKeehan, an employee of the Office of the Attorney General, are state employees or officials. Claims brought against state employees in their official capacities are deemed claims against the Commonwealth of Kentucky. *See Kentucky v. Graham*, 473 U.S. at 166. State officials sued in their official capacities for monetary damages are not "persons" subject to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Further, the Eleventh Amendment acts as a bar to claims for monetary damages against state employees or officers sued in their official capacities.

*Kentucky v. Graham*, 473 U.S. at 169. For these reasons, Plaintiff's official-capacity claims against Van Meter and McKeehan must be dismissed for failure to state a claim upon which relief may be granted and for seeking monetary relief from Defendants who are immune from such relief.

***b. Individual-capacity claims***

Prosecutors acting in their roles as advocates, *i.e.*, initiating and pursuing a criminal prosecution and presenting the Commonwealth of Kentucky's case, enjoy absolute prosecutorial immunity. *Imbler v. Pachtman*, 424 U.S. 409, 427-28 (1976); *Spurlock v. Thompson*, 330 F.3d 791, 797 (6th Cir. 2004). Prosecutorial immunity even applies when a prosecutor acts wrongfully or maliciously, in bad faith, or with an improper motive. *Imbler*, 424 U.S. at 427 (holding that prosecutor was immune from suit after knowingly presenting perjured testimony and suppressing exculpatory evidence at trial); *Howell v. Sanders*, 668 F.3d 344, 350 (6th Cir. 2012) (holding that even "a prosecutor who maliciously institutes a false prosecution with no probable cause is entitled to absolute immunity"); *Grant v. Hollenbach*, 870 F.2d 1135, 1138 (6th Cir. 1989) (holding that prosecutors were absolutely immune from claim alleging that they conspired to knowingly bring false charges despite claims of failure to investigate facts and alleged commission of perjury before the grand jury). Plaintiff's claims against Van Meter and McKeehan are barred by prosecutorial immunity. While McKeehan was not a prosecutor in Plaintiff's Daviess county criminal case, she represented the Commonwealth in Plaintiff's collateral attack on his conviction filed in Franklin Circuit Court, which was transferred to Daviess County and ultimately dismissed. As such, prosecutorial immunity applies equally to her actions. *See Spurlock*, 330 F.3d at 799 ("Absolute immunity applies to the adversarial acts of prosecutors during post-conviction proceedings, including direct appeals, habeas corpus proceedings, and parole proceedings[.]"); *Deem v. Carney*, No. 3:16-cv-02490, 2016 U.S. Dist. LEXIS 128936, at *6 (M.D. Tenn. Sept. 21, 2016) (applying

prosecutorial immunity to attorney who answered discovery requests in post-conviction proceeding and was not involved in original prosecution). Therefore, the individual-capacity claims against Van Meter and McKeehan must be dismissed for seeking damages from a defendant who is immune from such relief.

### *c. Injunctive relief*

Plaintiff requests injunctive relief in the form of "reporting of illegal and/or unethical misconduct." However, "[i]t is well settled that the question of whether and when prosecution is to be instituted is within the discretion of the Attorney General." *Powell v. Katzenbach*, 359 F.2d 234, 235 (D.C. Cir. 1965). A district court has no authority to report illegal misconduct or to order a criminal investigation or prosecution. *Kuilan v. Zimmerman*, No. 22-5331, 2022 U.S. App. LEXIS 29631, at *2 (6th Cir. Oct. 24, 2022); *see also United States v. Trevino*, 7 F.4th 414, 421 (6th Cir. 2021) ("'[T]he Executive Branch has exclusive authority and absolute discretion to decide whether to prosecute a case.'") (quoting *United States v. Nixon*, 418 U.S. 683, 693 (1974)). Accordingly, Plaintiff's claim for injunctive relief must also be dismissed for failure to state a claim upon which relief may be granted.

## IV. CONCLUSION

The Court will enter a separate Order consistent with this Memorandum Opinion.

Date: November 6, 2026

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Plaintiff, *pro se*
4414.010